MARGARET L. ZAPICO, MARGARET HERMANN, AND
DELPHINE BREZNAI, PLAINTIFFS *v.* U.S. SECRETARY OF LABOR, DEFENDANT

Court No. 93–03–00167

■■■■■■■■■■■■■■■■■■■■■■■■

(Decided August 23, 1995)

*Baker & McKenzie, (Teresa A. Gleason)* for plaintiff Margaret L. Zapico.
*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Velta A. Melnbrencis* and *Dorann E. Banks);* Of counsel: *Scott Glabman,* Office of the Solicitor, U.S. Department of Labor for defendant.

## OPINION

MUSGRAVE, *Judge:* Plaintiffs seek review of the determinations by the Secretary of Labor denying plaintiffs' petition for certification of eligibility to apply for trade adjustment assistance ("TAA") filed pursuant to 19 U.S.C. § 2271 *et seq.* These determinations are: (1) *Negative Determination Regarding Eligibility To Apply For Worker Adjustment Assistance,* 58 Fed. Reg. 15383 (March 22, 1993); and (2) *Negative Determination Regarding Application For Reconsideration,* 58 Fed. Reg. 13283 (March 10, 1993). An oral argument was heard by this Court on May 31, 1995. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1581(d)(1).

## BACKGROUND

Plaintiff, Margaret L. Zapico ("Zapico"), and her two co-plaintiffs, Delphine Breznai and Margaret Hermann, are former employees of Coltec Industries of Pittsburgh, Pennsylvania. Prior to their employment in Pittsburgh, plaintiffs worked for a subsidiary of Coltec, the Crucible Steel Company of Midland, Pennsylvania. The Crucible plant in Midland produced, among other things, flat rolled stainless steel sheet and strip. On January 25, 1983, the Department of Labor certified all Crucible workers at the Midland plant who produced stainless steel as TAA eligible under Case Number TA–W–13,188. That certification expired by statute on January 25, 1985.

As Coltec employees, plaintiffs administered benefits for the former Crucible workers who had been laid off at the Midland plant in the 1980s. Plaintiffs lost their jobs between March 31 and June 30 of 1993. *Defendant's Brief* at 5. On December 16, 1992, plaintiffs filed a petition for certification of eligibility for TAA. That petition was denied by a form letter from the Department dated February 9, 1993. In a letter to the Department of Labor dated February 23, 1993, plaintiffs stated that "Our jobs are now being terminated because of the Crucible Stainless Steel Division shutdown in 1982." Administrative Record at 39.

## DISCUSSION

In this appeal, plaintiffs contend that their terminations in 1993 make them eligible for TAA because they were engaged in phase-out

activities in support of the Midland Plant workers who had been previously certified, from 1983 to 1985, under Case Number TA–W–13,188. Defendant responds by stating that plaintiffs are ineligible for TAA because they are statutorily time-barred from relying upon the expired 1983 certificate which granted TAA to the Midland plant workers. *Defendant's Brief* at 6.

By statute, a worker is not eligible for payment of TAA unless the worker's total or partial separation occurred "before the expiration of the 2-year period beginning on the date on which the determination under section 2273 of this title was made." 19 U.S.C. § 2291(a)(1)(B).

This Court has recently ruled on the function of the two-year period which limits eligibility for TAA payments under 19 U.S.C. § 2291(a)(1)(B). In *Communications Workers of America, AFL-CIO v. United States Secretary of Labor,* 19 CIT 687, Slip Op. 95–89 at 7 (May 12, 1995), plaintiffs made arguments similar to those being put forth in the instant case; that they would have been laid off within the period of eligibility were it not for the decommissioning; that their work arose out of the qualified layoffs; and that they should, therefore, be eligible for TAA notwithstanding the fact that the original certification had expired. *Communication Workers of America,* Slip Op. 95–89 at 7, *compare with Plaintiff Zapico's Reply Brief* at 6.

The Court upheld the Secretary of Labor's refusal to certify a group of workers as eligible for TAA when those workers continued to work on decommissioning a pharmaceutical plant for more than two years beyond the date that the certifications were issued for that plant, stating:

> To the extent plaintiffs' motion is premised upon extension of that statute of limitation, neither the Department of Labor nor the Court of International Trade is at liberty to fashion such relief. Only Congress can. And only the legislature can amend the requirements regarding separation during the prescribed period for receipt of assistance.

*Communications Workers of America, supra,* at 7.

In response to defendant's assertion that § 2291 works as an absolute bar in this case, plaintiff Zapico relies upon *Former Employees of General Electric Corp. v. U.S.,* 14 CIT 608. In that case the post-production workers had filed for TAA before the expiration of the original certification, even though some would be laid off after the two year limit. In addition, it appears that these subsequent layoffs occurred "on or after August 5, 1987"—within a few months of the April 9, 1987 expiration of the certification. *General Electric* at 612. In *General Electric* the Court stated:

> Clearly, production workers that are kept on after termination of production, to complete warehousing and other phase-out activities related to the production of articles, can be found to have been laid off due to increased imports. On the other hand it is equally

obvious that postproduction phase-out activities cannot last indefinitely.

*General Electric* at 613.

Zapico contends that *General Electric* held that employees retained to perform post-production phase-out activities could be eligible for TAA even though an existing certification had expired, and therefore, Labor's determination is inconsistent with the Court's holding in that case. Zapico alleges that the Court in *General Electric* did not agree that section 2291(a)(1)(B) is an absolute bar to recovery: "If it did, the Court would have had no reason to remand the matter to the Department for purposes of conducting a proper investigation." *Plaintiff's Reply Brief* at 4.

Although it is not explicitly clear what the effect of the two-year time limit was in that case, it appears that the Court's decision in *General Electric* to remand is consistent with what has been called "the congressionally mandated mood of 'largesse' [urged by some] in the granting of trade assistance." *See Communications Workers of America,* at 4. In the present case, however, the Court does not feel that it can extend this "largesse" for nearly eight and one half years beyond the expiration of the original certification in contravention to the clear meaning of the two-year time limit of section 2291(a)(1)(B). As the Court stated in *General Electric,* "it is equally obvious that post-production phase-out activities cannot last indefinitely." *General Electric* at 613. Accordingly, to the extent that plaintiffs' claim relies upon the 1983 certification as a predicate for their current application for TAA, such claim is barred by section 2291.

Plaintiff Zapico further contends that this case should be remanded on the basis that the Department failed to conduct an adequate investigation because it failed to consider whether plaintiffs were engaged in wind-down or phase out activities connected to the closing of the Midland Plant. *Plaintiff's Reply Brief* at 7. Defendant counters that "because the determination as to whether the plaintiffs' claim is statutorily barred as untimely is a threshold question, further investigation beyond that issue was unnecessary." *Defendant's Brief* at 13.

The Court finds that because their application for benefits is based upon a certification which expired in 1985, plaintiffs are not entitled to the benefits which they seek by a matter of law, and accordingly, a remand for further investigation would be futile.

Plaintiff Zapico further argues that substantial evidence in the Administrative Record does not support the allegation that this "threshold question" of a statutory bar was the basis for the limited investigation. *Plaintiff's Reply Brief* at 7.

Defendant contends that they "implicitly relied on § 2291" even if there is no citation. *Defendants' Brief* at 11. In support of this contention, defendant cites the letter from the Department of Labor to Ms. Zapico dated March 1, 1993. In that letter, the Department informed Ms. Zapico that the investigative findings were that her claim for TAA was

based on the 1983 certification, TA–W–13,188 which had expired on January 25, 1985. *Administrative Record* at 46. The letter further stated:

> Only in very limited instances are service and other support workers certified for trade adjustment assistance, namely, the worker separations must be caused by a reduced demand for their services from a parent or controlling firm or subdivision whose workers produce an article and who are currently under a certification for trade adjustment assistance. These conditions were not met for the Coltec workers.

*Id.*

Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 477 (1951), *quoting Consolidated Edison Co. v. Labor Board,* 305 U.S. 1997, 229 (1938). While the evidence on the record supports the finding of the Department, the Department's decision making process in the instant case was unnecessarily opaque. Rather than informing plaintiffs of the specific reason why they were found ineligible for TAA benefits, the Department initially mailed plaintiffs a form letter on February 9, 1993 which simply stated that they had been found ineligible "because one of the group eligibility requirements of Section of 222 of the Trade Act had not been met." Administrative Record at 38. That letter referred to an enclosed pamphlet instead of explaining the specific reasons for the denial. Applicants for TAA benefits deserve more of an explanation than this. However, in light of the two-year bar of 19 U.S.C. § 2291(a)(1)(B), the Department's statement that the Coltec administrative workers were not supporting "workers produc[ing] an article and who are currently under a certification for trade adjustment assistance" is, under *Universal Camera,* evidence that a reasonable mind could accept as adequate to support a conclusion.

### CONCLUSION

For the foregoing reasons, the Court holds that because their application for benefits is based upon a certification which expired in 1985, plaintiffs are not entitled to the benefits which they seek as a matter of law. The determination by the Secretary of Labor in this case is supported by substantial evidence contained in the administrative record and is otherwise in accordance with law. Accordingly, the plaintiffs' motion for judgment on the agency record is denied and the action is dismissed.